UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| DEMETRIUS M. ROBERTSON,            )<br>                                                            )<br>      Petitioner,                                )      Civil No. 5:24-cv-00056-GFVT<br>                                                            )<br>v.                                                         )<br>                                                            )<br>DAVID PAUL,                                    )      **MEMORANDUM OPINION**<br>                                                            )                        **&**<br>      Respondent.                            )                   **ORDER**<br>                                                            ) | |

*** *** *** ***

Federal inmate Demetrius M. Robertson filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [R. 1.] Robertson first claims that the Federal Bureau of Prisons (BOP) has incorrectly determined that he is ineligible for First Step Act (FSA) time credits. [*See id.* at 5.] Robertson then suggests the BOP is wrongly refusing to reduce his sentence by up to one year even though he completed the Residential Drug Abuse Program (RDAP). [*See id.*] The United States Attorney's Office for the Eastern District of Kentucky entered an appearance on behalf of the Respondent and filed a response in opposition to Robertson's Petition. [R. 11.] Robertson then filed a reply brief in support of his Petition. [R. 13.] Having reviewed the parties' submissions, the Court will deny Robertson's requests for relief.

With respect to Robertson's first claim, the U.S. Attorney's Office represents that he was convicted of multiple federal crimes in the Central District of Illinois, including but not limited to possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). [*See* R. 11 at 1, R. 11-1 at 1, and R 11-2 at 2]. It is true that the FSA allows a prisoner to earn time credits towards pre-release custody or supervised release if he successfully participates in evidence-based recidivism reduction programs and other productive activities. *See* 18 U.S.C. § 3632(d)(4). However, the FSA also provides that a prisoner is ineligible to receive such time

credits if he is serving a sentence for a disqualifying offense, and the statute specifically includes convictions under § 924(c) as one such disqualifying offense. *See id.* at § 3632(d)(4)(D)(xxii). Given Robertson's conviction under § 924(c), he is simply ineligible to earn FSA time credits.[1] Thus, Robertson's first claim is unavailing.

With respect to Robertson's second claim, the U.S. Attorney's Office has demonstrated that Robertson has not yet fully exhausted his administrative remedies, as required. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). Under the law, there is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally via a so-called BP-8 Form, the prisoner must file a BP-9 Administrative Remedy Request Form with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Office, which has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Office's response, he may use a BP-11 Form to appeal to the BOP's Central Office, which has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18.

Here, the U.S. Attorney's Office has shown that Robertson has not even initiated the BP-9 step regarding the matter in question, let alone fully completed the administrative exhaustion process through the BP-11 step.[2] [*See* R. 11 at 5 (citing supporting evidence at Rs. 11-1 and 11-4).] And while Robertson suggests that it would be futile for him to exhaust his administrative

---

[1] The United States District Court for the Central District of Illinois has reached the same conclusion, saying in a text order in Robertson's underlying criminal case that "Mr. Robertson's 18 U.S.C. Section 924(c)(1)(A)(i) conviction for possession of a firearm during and in furtherance of a drug trafficking crime makes him ineligible to receive time credits as outlined in Section 101 of the First Step Act." *See United States v. Demetrius M. Robertson*, No. 3:21-cr-30035-SEM-KLM-1 (C.D. Ill. Jan. 10, 2024).

[2] Robertson's own Petition confirms this point. [*See* R. 1 at 6 (indicating that he only submitted an informal request and took no other steps toward exhausting his administrative remedies)].

2

remedies [*see* R. 13], he has not demonstrated why he should be excused from completing that process, as required. In short, since Robertson failed to fully exhaust his administrative remedies prior to initiating this matter, a without-prejudice denial of his second claim is appropriate. *See Byrd v. Federal Bureau of Prisons*, No. 21-5911, 2022 WL 898772 (6th Cir. Feb. 28, 2022) (affirming the without-prejudice denial of a § 2241 petition and explaining that a federal prisoner can seek judicial review only after exhausting his administrative remedies).

Accordingly, it is **ORDERED** as follows:

1. Robertson's first claim, regarding FSA time credits, is **DENIED** with prejudice;

2. Robertson's second claim, regarding a reduction in his sentence based on his participation in the RDAP, is **DENIED** without prejudice;

3. This action is otherwise **DISMISSED** and **STRICKEN** from the Court's docket; and

4. The Court will enter a corresponding Judgment.

This 5th day of June, 2024.

Gregory F. Van Tatenhove
United States District Judge